Taft, J.
Ordinarily, a constitutional question will not be considered unless it is necessary to consider such constitutional *118 question in deciding the case before the court. In our opinion, it is not necessary to consider the constitutional question raised by the taxpayer in the instant case because, if its contention with regard to that question is sound, it necessarily leads to the conclusion that the entire proviso in subdivision (A) of Section 5701.08, which read, “but merchandise or agricultural products belonging to a nonresident of this state is not used in business in this state if held in a storage warehouse for storage only,” was void and should be stricken. That being so, it is apparent that any of taxpayer’s “merchandise * * * held in a storage warehouse for storage only” would be taxable because described by the preceding words remaining in the statute and reading, “stored * * # as * * * merchandise.”
Of course, if only that portion of the proviso after the semicolon in subdivision (A) of Section 5701.08, which read, “belonging to a nonresident of this state,” is stricken, the discrimination between residents and nonresidents would be eliminated; and then the proviso would prevent taxation of the taxpayer’s “merchandise * * * held in a storage warehouse for storage only.” However, the question remains as to the power of this court to effect that result by striking only that portion of the proviso. In other words, if we assume that the taxpayer’s contention that the discrimination between nonresidents and residents contemplated by the words of the proviso would deny a resident the equal protection of the laws and must be eliminated, has this court the power to eliminate that discrimination by striking only that portion of the proviso reading, “belonging to a nonresident of this state”? If it does not have that power, the whole proviso must be stricken in order to eliminate that discrimination and then the taxpayer would obviously have nothing upon which to base its claim for the relief which it seeks.
Although a legislative enactment may be invalid merely because certain limiting language therein makes it repugnant to constitutional limitations, a court cannot cure such invalidity merely by striking such limiting language, if the elimination of such limiting language would substantially extend the operation of the legislative enactment beyond the scope contemplated by all the language of such legislative enactment.
*119 In the opinion by Welch, J., in State, ex rel. McNeal, v. Dombaugh, Clerk, 20 Ohio St., 167, 174, it is said:
“It is by a mere figure of speech that we say an unconstitutional provision of a statute is ‘ stricken out. ’ For all the purposes of construction it is to be regarded as part of the act. The meaning of the Legislature must be gathered from all they have said, as well from that which is ineffective for want of power, as from that which is authorized by law. ’ ’
In State, ex rel. Wilmot, v. Buckley, 60 Ohio St., 273, 296, 54 N. E., 272, it is said in the opinion by Burket, J.:
“* * # the court has no lawmaking power, and cannot extend a statute over territory from which it is excluded by the G-eneral Assembly. A court can hold a whole act unconstitutional because it is not broad enough * * * ; but it cannot extend an act which is too narrow, so as to take in territory which was left out by the General Assembly.”
In 11 American Jurisprudence, 855, Section 161, it is said:
“One important class of cases in which questions as to the severability of valid and invalid portions of an act and the determination of the legislative intent are involved consists of statutes containing invalid exceptions or provisos. The general rule is that if such a proviso operates to limit the scope of the act in such a manner that by striking out the proviso, the remainder of the statute would have a broader scope either as to subject or territory, then the whole act is invalid, because such extended operation would not be in accordance with the legislative intent.”
See also Connolly v. Union Sewer Pipe Co., 184 U. S., 540, 46 L. Ed., 679, 22 S. Ct., 431; State, ex rel. Wilson, Solr., v. Lewis, Aud., 74 Ohio St., 403, 78 N. E., 523; State, ex rel. Squire, Supt. of Banks, v. City of Cleveland, 150 Ohio St., 303, 336, 82 N. E. (2d), 709; State, ex rel. English, v. Industrial Commission, 160 Ohio St., 215, 217 et seq., 115 N. E. (2d), 395; but see State, ex rel., v. Baker, 55 Ohio St., 1, 44 N. E., 516.
In the instant case, we do not have a legislative situation where the proviso was merely enacted as a part of a statute defining the objects to be subject to taxation. In such an instance, striking the words “belonging to a nonresident of this state” would merely prevent the tax from being extended as far as *120 the General Assembly intended. By doing that, this court would not be extending the operation of the statute so as to coyer subjects or objects that the General Assembly did not intend to cover.
However, in the instant case, these taxing statutes, as originally enacted in 1931 (114 Ohio Laws, 714), did not contain the proviso which the taxpayer must necessarily rely upon for any relief after it has had this court remove from it the portion which it contends was invalid. The proviso was added by an amendment to the statute in 1933 (115 Ohio Laws, 548). See annotation, 66 A. L. R., 1483. Cf. Frost v. Corporation Commission of Oklahoma, 278 U. S., 515, 525, 73 L. Ed., 483, 49 S. Ct., 235; Reitz v. Mealey, Commr., 314 U. S., 33, 38, 39, 86 L. Ed., 21, 62 S. Ct., 24; 11 American Jurisprudence, 841, 856, 857, Sections 154,161. Prior to that amendment, the General Assembly had expressed an intention to tax any property “when stored or kept on hand as * * * merchandise. ’ ’ The amendment dealt with a withdrawal of some of that property from such taxation. The General Assembly provided only for withdrawal of “merchandise or agricultural products belonging to a nonresident.” It did not provide for anything with respect to such merchandise or agricultural products belonging to a resident. If this court merely strikes the words “belonging to a nonresident of this state,” the effect of that would be to provide for such a withdrawal of “merchandise or agricultural products” belonging to a resident; and it would thereby be substantially extending the operation of the legislative enactment beyond the scope contemplated by the legislative language. As the taxpayer recognizes in its reply brief, its contention is that “the failure of the Legislature to extend the exception to residents is” what was unconstitutional. By merely striking the words “belonging to a nonresident of this state,” this court in effect would be exercising a legislative power which it does not have.
Therefore, if we assume that the proviso was unconstitutional and invalid because it denied to residents a protection of the laws equal to that enjoyed by nonresidents, it would be necessary to strike the whole proviso to eliminate that invalidity. If that is done, the taxpayer would not be entitled to any *121 relief. It follows that the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Stewaet, Bell, Matthias and Herbert, JJ., concur.
WeygaNdt, C. J., and ZimmermaN, J., concur in the judgment.